UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BURHANS | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV1462 (WWE) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | JUNE 25, 2013 |

## REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed:            October 12, 2012
Date Complaint Served:           October 18, 2012
Date of Defendant's Appearance:  November 26, 2012

      Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 19, 2013.  The participants were:

John R. Williams, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel:  203-562-9931
Fax:  203-776-9494 fax
E-mail:  jrw@johnrwilliams.com
for plaintiff Susan Burhans

Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road, Suite 306
Guilford, CT  06437
Tel:  203-458-9168
Fax:  203-458-4424
E-mail:  pnoonan@ddnctlaw.com
for defendant Yale University

**I.     Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in conjunction with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction.**

   A.   *Subject Matter Jurisdiction.*

This Court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

   B.   *Personal Jurisdiction.*

The parties stipulate that they are subject to the personal jurisdiction of this Court.

**III.   Brief Description of the Case.**

   A.   *Claims of Plaintiff:*

The plaintiff claims that the defendant violated Title IX of the Education Amendments Act of 1972 when it responded to her concerns regarding the defendant's noncompliance with Title IX with indifference, hostility, and retaliation, including termination.

   B.   *Defense and Claims of Defendant:*

The defendant denies any statutory violation or wrongful conduct.  The defendant has asserted the statute of limitations as a special defense.

**IV.     Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.      The plaintiff was employed at Yale University from August, 1999 through June 20, 2010 and from December 1, 2010 through November 30, 2012.

**V.      Case Management Plan:**

   A.      *Standing Order on Scheduling in Civil Cases.*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

   1.      The time for discovery be extended through April 1, 2014.

   B.      *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   C.      *Early Settlement Conference.*

   1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

   2.      The parties do not request an early settlement conference.

   3.      The parties prefer a settlement conference with a magistrate judge.

    4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  D.  *Joinder of Parties and Amendment of Pleadings.*

    1.  The plaintiff should be allowed until July 31, 2013 to file motions to join additional parties and until August 31, 2013 to file motions to amend the pleadings.

    2.  The defendant does not intend to join any additional parties. The defendant has already filed a response to the complaint.

  E.  *Discovery.*

    a.  The parties anticipate that discovery will be needed on the following subjects:

  Plaintiff:  All allegations of the complaint, the history of sexual harassment and discrimination at Yale and the defendant's responses or non-responses thereto.

  Defendant:  The defendant anticipates that discovery will be needed as to the plaintiff's allegations that the defendant violated Title IX and the plaintiff's claims for damage.

    b.  All discovery, including deposition of expert witness pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 30, 2013 and completed (not propounded) by April 1, 2014.

    c.  Discovery will not be conducted in phases.

    d.  Discovery will be completed by April 1, 2014.

    e.  The parties anticipate that the plaintiff will require a total of ten depositions of fact witnesses and that the defendant will require a total of four depositions of

fact witnesses. The depositions will commence by June 30, 2013 and be completed by December 31, 2013.

      f.      The parties do not anticipate requesting permission to serve more than 25 interrogatories, but reserve the right to do so if deemed necessary.

      g.      Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 1, 2013. Depositions of any such experts will be completed by January 1, 2014.

      h.      Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2014. Depositions of any such experts will be completed by April 1, 2014.

      i.      A damages analysis will be provided by any party who has a claim or counterclaim of damages by July 30, 2013.

      j.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to preserve electronically stored records, as they exist, retroactive to January 1, 2010. The parties will reach further agreement on the form

the disclosure of electronically stored records will take. As more information becomes available, the parties will reach an agreement on the costs of the electronic discovery.

      k.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting claims of privilege after production. The parties agree to the following procedures for asserting claims of privilege after production: if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel and opposing counsel will have 30 days to assert the privilege and seek return of the information. The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-product protection applies and further not to duplicate the information or further disclose it.

    F.    *Dispositive Motions:*

Dispositive motions will be filed not later than 45 days after the close of discovery.

    G.    *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be submitted within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

**VI.    Trial Readiness.**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

                                                  THE PLAINTIFF
                                                  SUSAN BURHANS

BY:       /s/
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax: 203.776.9494
        jrw@johnrwilliams.com

THE DEFENDANT
YALE UNIVERSITY

BY:  /s/ Patrick M. Noonan  (#ct00189)
      Patrick M. Noonan
      Donahue, Durham & Noonan, P.C.
      741 Boston Post Road
      Guilford, CT 06437
      (203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing Report on Parties' Planning Conference was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                                   _____/s/_____
                                                                           Patrick M. Noonan