UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BURHANS | : | |
| | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV1462(WWE) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY: | | |
| | : | |
|     Defendant | : | JUNE 13, 2014 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The defendant, Yale University ("Yale"), hereby submits the following reply memorandum in further support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**I.   The Defendant's Motion To Dismiss Is Not Untimely And Can Be Considered By The Court Pursuant To Either Fed. R. Civ. P. 12(b)(6) or 12(c).**

The plaintiff first argues that the defendant's motion to dismiss Count One of the April 7, 2014 Amended Complaint is untimely, and should be denied on this basis alone, because the defendant had previously answered Count One of the plaintiff's October 1, 2012 Complaint. The plaintiff is incorrect. The court in Norflet v. John Hancock Fin. Servs., 422 F. Supp. 2d 346, 349-351 (D. Conn. 2006) (Arterton, J.), addressed this issue in a similar procedural context. The Norflet court noted that, in such a procedural posture, some courts have determined that the correct motion is one for judgment on the pleadings under Fed. R. Civ. P. 12(c), while "[o]thers have permitted a Rule 12(b)(6) motion at this stage, before the defendant has answered the amended complaint." Id. at 350 n. 1. In any event, whether the motion is considered under Fed.

R. Civ. P. 12(b)(6) or 12(c), the standard of review is identical: "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him [or her] to relief." Norflet, supra, 422 F. Supp. 2d at 350.  Therefore, the fact that Yale previously answered Count One of the plaintiff's original complaint is not grounds for the denial of the current motion to dismiss.  The current motion can be considered under either Fed. R. Civ. P. 12(b)(6) or 12(c), both of which require the application of the same standard of review.  As described below, the present plaintiff has not alleged a set of facts which would entitle her to relief.

**II.     The Amended Complaint Contains No Allegation of Retaliation in Response to Complaints of Sex Discrimination And Thus Fails To Properly Allege A Claim Of Retaliation Under Title IX.**

The plaintiff's objection consists almost entirely of boilerplate language regarding the standard of review applicable to a Fed. R. Civ. P. 12(b)(6) motion to dismiss and the reproduction of 79 of the 98 paragraphs that make up Count One of the Amended Complaint.  This is not sufficient to defeat the defendant's motion.  It is telling that, while the plaintiff reproduced such a large portion of the count of the Amended Complaint that is at issue, she was unable to pinpoint any specific allegation of retaliation in response to a complaint of sex discrimination.

The only portion of the plaintiff's objection that can be considered a substantive argument is contained on page five. The plaintiff's argument there is based on the faulty premise that failure to comply with Title IX equates to sex discrimination.  This is not accurate.  In Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005), the

Supreme Court recognized a retaliation cause of action under Title IX in only a limited context. Specifically, the Jackson court held that Title IX implies a private cause of action which encompasses "[r]etalaition against a person *because that person has complained of sex discrimination*." (Emphasis added.) Id. See also D.V. v. Pennsauken Sch. Dist., 2013 U.S. Dist. LEXIS 111045, *33 (D.N.J. Aug. 7, 2013) (Granting motion to dismiss Title IX claim pursuant to Fed. R. Civ. P. 12(b)(6) where plaintiff alleged retaliation is response to his advocacy of individual's educational rights as student with autism, and did not complain about sex discrimination. "[T]o prevail on a retaliation claim under Title IX, [plaintiff] must prove that the [defendant] retaliated against him *because* he complained of sex discrimination.") (emphasis in original; internal quotation marks omitted); Armour v. Bd. of Educ. of of Prince George's County, 2012 U.S. Dist. LEXIS 109831, *10-11 (D. Md. Aug. 3, 2012), ("a claim of retaliation under Title IX only lies where the claimant suffers retaliation based on the filing of a complaint of gender discrimination.") (internal quotation marks omitted); Fairchild v. Quinnipiac University, 2014 U.S. Dist. LEXIS 55511, *7 (D. Conn. Apr. 22, 2014) (Underhill, J.) (Title IX prohibits a funding recipient from retaliating against a person "because [s]he complains of sex discrimination…"); Doe v. Univ. of the South, 687 F. Supp. 2d 744, 757-758 (E.D. Tenn. 2009) (allegation that defendant's actions were motivated by plaintiff's gender or sex or constituted gender harassment or sexual harassment "is a necessary prerequisite for any Title IX claim."); Cannon v. Univ. of Chicago, 441 U.S. 677, 694, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979) (Title IX protects "persons discriminated against on the basis of sex").

The Amended Complaint is devoid of any allegation that the plaintiff experienced retaliation in response to complaints of sex discrimination.  The Title IX violations alleged by the plaintiff -- upon which her retaliation claim is based -- have to do with failure to satisfy reporting requirements and programming inadequacies, and are gender-neutral.  (See Amended Complaint, ¶¶ 18 - 29.)  As such, she has not identified a protected activity under Title IX, and her claim does not fall within the narrowly defined circumstances where a Title IX cause of action is permitted.  Therefore, for the reasons stated herein, Count One of the plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

For the reasons discussed above, as well as those addressed in defendant's original brief, Count One of the Amended Complaint should be dismissed.

THE DEFENDANT
YALE UNIVERSITY

BY:___/s/ Patrick M. Noonan  (#ct00189)___
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## CERTIFICATION

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                            _____/s/_____
                                                Patrick M. Noonan