UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN BURHANS,            :      3:12cv1462 (WWE)
                          :
        v.                :
                          :
YALE UNIVERSITY           :

## RULING ON MOTION TO DISMISS

In this action, plaintiff Susan Burhans alleges that defendant Yale University violated Title IX by retaliating against her. Defendant filed a motion to dismiss for failure to state a claim. For the following reasons, the motion to dismiss will be denied.

### FACTUAL BACKGROUND

For purposes of ruling on this motion to dismiss, the Court assumes that all of the factual allegations in the complaint are true.

In 1999, plaintiff was hired as a security educator for Yale. Plaintiff asserts that defendant retaliated against her for making complaints about Yale's non-compliance with Title IX relevant to undercounting the numbers of sexual assaults and failure to provide support to individuals who reported sexual assaults. Plaintiff proposed making modifications to Yale's sexual assault programming relevant to reporting such assaults; a proposed creation of a web-based consolidated information resource for sexual assault victims.

Yale commenced its retaliation against plaintiff after it refused to implement her suggested programming regarding sexual assault reporting. Such retaliatory acts included inhibiting plaintiff's ability to bring defendant into compliance with Title IX; failure to hire plaintiff for other positions at Yale; revocation of a prior position that had been promised to her; demotion; loss of responsibilities and opportunities; and

employment termination. Plaintiff alleges that males received better treatment in the form of larger offices, more pay and job offers.

Between 2008 through 2010, plaintiff complained to Yale officials about suffering discrimination and hostile environment as she applied for different positions at Yale.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. A plaintiff must plead facts sufficient to show that her claim has substantive plausibility but a complaint should not be dismissed due to an "imperfect statement of the legal theory supporting the claim asserted." Johnson v. City of Shelby, –- U.S. —, 2014 WL 5798626, *1 (Nov. 10, 2014).

Defendant maintains that plaintiff's allegations fail to state a claim of Title IX retaliation.   Title IX prohibits retaliation against a person who has complained of sex discrimination.  Jackson v. Birmingham Bd. of Ed., 544 U.S. 167, 173-4 (2005). Defendant maintains that plaintiff has failed to allege that she engaged in any protected

activity that gave rise to the retaliation. Defendant argues that the complaint alleges retaliation for asserting that Yale was not compliant with Title IX, which would not give rise to a cause of action for retaliation under Title IX.

Upon review of the amended complaint, the Court finds that the complaint is not circumscribed to retaliation based on complaints of non-compliance.  She alleges that she also complained of discrimination and hostile environment to Yale officials between 2008 and 2010.  The allegations of discrimination against plaintiff and the preferential treatment of male employees may be construed as asserting complaints of sexual discrimination, a protected activity that engendered retaliatory animus.  Defendants have adequate notice of the violation asserted and the grounds for such violation.  The Court will leave plaintiff to her proof.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [doc. #27] is DENIED.

Dated this 17th day of December, 2014 at Bridgeport, Connecticut.

_____
Warren W. Eginton
Senior U.S. District Judge