UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BURHANS | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV 1462  (WWE) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
|     Defendant | : | JANUARY 13, 2015 |

### DEFENDANT'S ANSWER AND SPECIAL DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

The defendant, Yale University, answers the plaintiff's Amended Complaint dated April 7, 2014.

### ANSWER

**COUNT ONE:**

1. Paragraph 1 is a jurisdictional allegation to which no response is required.

2. Paragraph 2 is denied, except that it is admitted that the plaintiff was employed at Yale University from August, 1999 through June 20, 2010 and from December 1, 2010 through November 30, 2012.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied, except to admit that the plaintiff was laid off effective June 20, 2012, thereafter rehired, and then laid off in November, 2012.

5. The defendant admits that the plaintiff was employed by the defendant from August, 1999 through June 20, 2010 and from December 1, 2010 through November 30, 2012.

As to the remaining allegations contained in Paragraph 5, the defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations and leaves the plaintiff to her proof.

6-7.    Paragraphs 6 and 7 are admitted.

8-10.   Paragraphs 8 through 10 are admitted.

11.     Paragraph 11 is denied, except to admit that the plaintiff was hired in August, 1999 as a Coordinator III, Security Education Coordinator.

12.     Paragraph 12 is denied, except it is admitted that the plaintiff has asserted that she was discriminated against on the basis of sex.

13-14.  Paragraphs 13 and 14 are denied.

15.     Title IX speaks for itself and the defendant refers to the language of Title IX for the contents thereof.

16.     The defendant denies the allegations of Paragraph 16, except to admit that the defendant entered into a Voluntary Resolution Agreement with the U.S. Department of Education, Office for Civil Rights in June, 2012.  The defendant further admits that the Voluntary Resolution Agreement required the defendant to report to the Office for Civil Rights on September 15, 2012, September 15, 2013, and May 31, 2014 regarding its implementation of the agreement.  Yale has complied with the Agreement.

17.     Paragraph 17 is denied.

18.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that, after she was hired in 1999, the plaintiff began to gather

2

information from students and others so that she could determine the defendant's needs and propose effective programming to address Title IX issues with regard to public safety. The defendant denies that the plaintiff raised Title IX compliance issues with the defendant. The defendant denies the remaining allegations of this paragraph.

19. The defendant denies the allegations of Paragraph 19, except to admit that the plaintiff was told that her job was not one of an alcohol counselor and that she should focus on her duties.

20. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations that, in 2003 and 2004, the plaintiff met and communicated with Nathan Copper of the Sexual Assault Crisis Services at the Women and Families Center and that Mr. Copper wanted to collaborate and offer services to victimized students. The defendant notes that Ms. Highsmith has no recollection of "disallowing collaboration" and denies the remaining allegations of this paragraph.

21. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that, in 2003 or 2004, the plaintiff worked with community service providers and external law enforcement officials in an effort to collaborate regarding available resources. The defendant notes that Ms. Highsmith has no recollection of "disallowing collaboration" and denies the remaining allegations of this paragraph.

22. The defendant admits that the plaintiff was asked at some points to review the policy descriptions of security education programs for the annual security report and that in 2003 Ms. Highsmith asked the plaintiff to assist in gathering data for the Clery report. The defendant

admits that it was investigated by the Department of Education for Clery Act violations and that the Department of Education determined, in 2011, that the defendant had failed to properly compile and disclose crime statistics by failing to report 2 offenses each in 2001 and 2002. The defendant denies that the Voluntary Resolution Agreement noted problems with Yale's Clery Act compliance. The defendant denies the remaining allegations of this paragraph.

23. The defendant denies the allegations of Paragraph 23.

24. The defendant denies the allegations of Paragraph 24, except to admit that the plaintiff attended the conference.

25. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding a meeting in November, 2004. The defendant denies the remaining allegations of this paragraph.

26. The defendant admits that the plaintiff attended an Inter-Ivy conference in January, 2005. The remaining allegations of this paragraph are denied.

27. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff was asked by law enforcement officials to train as a court advocate to help students involved in external judicial proceedings. The remaining allegations of this paragraph are denied.

28. The defendant denies the allegations of Paragraph 28.

29. The defendant denies the allegations of Paragraph 29, except to admit that the plaintiff worked on preparing an outline of current procedures.

30. Paragraph 30 is denied.

31. The defendant admits that in 2001 the plaintiff began to look for other positions. The defendant denies the remaining allegations of this paragraph.

32. The defendant admits that the plaintiff applied for the position and denies the remaining allegations of Paragraph 32.

33-34. The allegations of Paragraphs 33 and 34 are denied.

35. The allegations of Paragraph 35 are denied, except to admit that Department of Education investigators, who had not given more than one business day of advanced notice, arrived on campus in June, 2007 as part of a Clery investigation.

36. The allegations of Paragraph 36 are denied, except to admit that a white male was hired for a nighttime supervisory position.

37. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation as to whether the plaintiff was told: "It's all nights, you won't want it." The remaining allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied, except to admit that, as part of her job responsibilities, the plaintiff provided support for emergency planning activities.

39. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff was introduced as alleged. The defendant denies that the plaintiff headed up emergency planning and denies the remaining allegations of Paragraph 39.

40-42. The allegations of Paragraphs 40 through 42 are denied.

5

43. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation of what "Human Resources" "admitted" to the plaintiff. The defendant denies the remaining allegations of Paragraph 43.

44. The defendant admits that the plaintiff met with Ms. Waxman and Ms. Stanley. The remaining allegations of Paragraph 44 are denied.

45. The defendant admits that it posted a position for Director, Emergency Management and that the plaintiff lacked the qualifications for the position. Defendant also admits that the plaintiff was not interviewed for the position. The remaining allegations of this paragraph are denied.

46. The defendant denies the allegations of Paragraph 46, except to admit that the plaintiff applied for other positions.

47. The defendant denies the allegations of Paragraph 47, except to admit that Vice President and Secretary Linda Lorimer met with the plaintiff and spoke with her about the plaintiff's career plans.

48. The defendant denies the allegations of Paragraph 48, except to admit that the plaintiff met with Ms. Adami in September, 2008.

49. The defendant denies the allegations of Paragraph 49, except to admit that a position for which the plaintiff applied was canceled and a new position, with different experience requirements, was posted.

50. Paragraph 50 is denied, except to admit that the plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities.

51. Paragraph 51 is denied, except to admit that George Aylward cancelled the weekly executive meetings for the plaintiff and all others, because he felt it was duplicative of the bi-weekly staff meetings

52. Paragraph 52 is denied.

53. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and leaves the plaintiff to her proof.

54-55. Paragraphs 54 and 55 are denied.

56. The defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 and leaves the plaintiff to her proof.

57. Paragraph 57 is denied.

58. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and leaves the plaintiff to her proof.

59. The defendant denies the allegations of Paragraph 59, except to admit that the plaintiff spoke to Human Resources representatives.

60. The defendant denies the allegations of Paragraph 60, except to admit that the plaintiff complained to various individuals.

61. The defendant admits that as part of the restructuring the plaintiff and other employees were to begin reporting directly to Ms. Highsmith and that the plaintiff complained about the new reporting requirement.

62. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and leaves the plaintiff to her proof.

63. The defendant admits that Ms. Highsmith uses the term "senior staff" for all of her direct reports. The defendant admits that the plaintiff filed a Revised Complaint dated June 21, 2009 in state court alleging discrimination based on sex. The defendant denies the remaining allegations of Paragraph 63.

64. The defendant admits Paragraph 64.

65. The defendant admits that the plaintiff applied for over 50 positions in the period beginning in June, 2005 and ending in August, 2009 and that she withdrew from one search and declined an offer extended in another. The defendant denies the remaining allegations of this paragraph.

66. The defendant admits that Yale Student Annie Le was murdered on campus in September, 2009. The defendant denies the remaining allegations of this paragraph.

67. The defendant denies the allegations of Paragraph 67, except to admit that there was an open position in October, 2009 that was cancelled, due to lack of funding.

68. The defendant admits that in the fall of 2009 a group of employees including men and women complained to the University's Office for Equal Opportunity Programs about the environment in the Security department. The defendant denies the remaining allegations of this paragraph.

69. The defendant denies the allegations of Paragraph 69, except to admit that the Security Department was reorganized in July, 2009 and that the plaintiff, who again reported to Ms. Highsmith as a result of the reorganization, met more than once with Ms. Highsmith alone after that date, including for her mid-year review in December, 2009.

70. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding how the plaintiff felt and what she was told by others and leaves the plaintiff to her proof. The defendant denies the remaining allegations of this paragraph.

71. The defendant denies the allegations of Paragraph 71, except to admit that in January, 2010 Yale employee Donna Cable wrote an email to the plaintiff in response to the plaintiff's request to change her reporting structure. That email speaks for itself.

72. The allegations of paragraph 72 are denied, except that the defendant admits that the plaintiff sent a letter to Donna Cable that was copied to other University officials. The letter speaks for itself.

73. The defendant denies the allegations in Paragraph 73, except to admit that the project was delayed due to the plaintiff's failure to complete the work satisfactorily.

74. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to note that Ms. Highsmith has no recollection of making any such inquiry.

75. The defendant denies the allegations of Paragraph 75.

76. The defendant admits that in a March 3, 2010 e-mail, Ms. Highsmith stated "I'm sorry that this process has been so challenging," and that the plaintiff responded, "Martha, I'm so sorry you are confused. The process itself is not challenging. Your undermining me to another colleague is inappropriate and obstructs the process. I will be happy to forward the finalized newsletter when ready." The defendant admits the plaintiff

received a formal counseling for her insubordination. The defendant denies the remaining allegations of Paragraph 76.

77. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and leaves the plaintiff to her proof.

78. The allegations of Paragraph 78 are denied, except that the defendant admits that on March 8, 2010 Ms. Highsmith wrote an email issuing the formal counseling for the plaintiff's insubordination. That email speaks for itself.

79. The defendant admits that the plaintiff complained to various offices at the University.

80. The allegations of Paragraph 80 are denied, except to admit that Dr. Susanna Thomas wrote a letter to Donna Cable on March 24, 2012. That letter speaks for itself.

81. The defendant denies the allegations of Paragraph 81, except to admit that Ms. Highsmith informed the plaintiff of her layoff on March 23, 2010, and that Ms. Highsmith suggested that Ms. Burhans hold off informing others until Ms. Highsmith could do so.

82. The allegations of Paragraph 82 are denied, except to admit that, because her job was eliminated, the plaintiff was told that she did not have to work the 90 day layoff notice period and she was asked to leave campus after she was able to clean out her office.

83. The defendant denies the allegations of Paragraph 83, except to admit that, as of 2010, the plaintiff had worked at the University for more than ten years.

84. The defendant admits the plaintiff cleaned out her office and that she met with Ms. Temple on April 1, 2010. The defendant denies the remaining allegations of this paragraph.

85. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what the plaintiff's colleagues knew. The defendant denies the remaining allegations of Paragraph 85, except to admit that Ms. Highsmith sent an email indicating that the position had been eliminated.

86. The defendant admits that, at the plaintiff's request, Ms. Highsmith provided a letter of reference. The defendant denies the remaining allegations of Paragraph 86.

87. The defendant denies that the plaintiff lost her medical insurance. The plaintiff received all benefits accorded employees laid off by the University. The defendant denies the remaining allegations of this paragraph.

88. The defendant denies the allegations of Paragraph 88.

89. The defendant admits that the plaintiff applied for positions for which she was not the most qualified candidate, and that she was not hired until December, 2010.

90. The defendant admits that the plaintiff was hired for a one-year fixed duration position that was extended for a second year. The defendant denies the remaining allegations of Paragraph 90.

91. The defendant admits that in April, 2011 it was informed by the Office of Civil Rights of the U.S. Department of Education that a complaint had been filed against the

defendant. The complaint was not shared with the defendant. The remaining allegations of this paragraph are denied.

92. Paragraph 92 is denied, except to admit that the U.S. Department of Education issued a Final Program Review Determination on May 23, 2011 which found that the defendant had failed to properly compile and disclose crime statistics in that it did not disclose two offenses in 2001 and two offenses in 2002, as required by the Clery Act and the Department's implementing regulations.

93. The defendant admits that the plaintiff was notified in the summer of 2012 that her fixed duration position was being eliminated, effective November 30, 2012.

94-98. Paragraphs 94 through 98 are denied.

**COUNT TWO:**

1. Paragraph 1 is admitted.

2. It is admitted that the plaintiff filed an administrative complaint, but not within the statutory period for all of plaintiff's claims.

3. Paragraph 3 is admitted.

4. The allegations contained in Paragraph 4 are denied, except that it is admitted that the plaintiff was employed at Yale University from August, 1999 through June 20, 2010 and again from December 1, 2010 through November 30, 2012.

5. The allegations contained in Paragraph 5 are denied, except to admit that the position of Director of Emergency Planning was posted on April 23, 2008.

6. Paragraph 6 is denied.

7. The allegations contained in Paragraph 7 are denied, except to admit that the plaintiff applied for the position of Assistant Dean for Freshmen Affairs and that the position was awarded to an individual who had far greater relevant experience than the plaintiff.

8.-9. The allegations contained in Paragraphs 8 and 9 are denied, except to admit that the plaintiff wrote Vice President and Secretary Linda Lorimer and that Ms. Lorimer met with the plaintiff and spoke with her about the plaintiff's career plans.

10. The allegations contained in Paragraph 10 are denied, except to admit that the Office of Public Affairs posted a position for Public Affairs Officer II on or about May 31, 2008. It is further admitted that the plaintiff was not referred for an interview because she did not meet the requirement of the posting that the applicant have "relevant medicine and science-related education and/or professional experience."

11. Paragraph 11 is denied.

12.-13. The allegations contained in Paragraphs 12 and 13 are denied, except that the defendant admits that the plaintiff's supervisor, George Aylward, told the plaintiff that he appreciated her work and believed she should be compensated more highly. However, all salary adjustments must go through the Compensation and Classification Unit of Human Resources, and a review done by that unit concluded that the plaintiff's salary was appropriate for the work she performed.

14.-16. The allegations contained in Paragraphs 14, 15 and 16 are denied.

17. The allegations contained in paragraph 17 are denied, except that defendant admits that the plaintiff was informed that her salary had been reviewed by Compensation and Classification and that her salary would not be increased.

18-19. The allegations contained in paragraphs 18 and 19 are denied.

## FIRST SPECIAL DEFENSE

Plaintiff failed to file her complaint with the Connecticut Commission on Human Rights and Opportunities until October 21, 2008. Since any complaint must be filed within 180 days following the alleged act of discrimination, any of plaintiff's claims relating to any event prior to April 24, 2008 is time-barred.

## SECOND SPECIAL DEFENSE

Some of plaintiff's claims are barred by the statute of limitations.

THE DEFENDANT
YALE UNIVERSITY

BY: /s/
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                   /s/
                                      Patrick M. Noonan