UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BURHANS | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV1462(WWE) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY: | : | |
| | : | |
| Defendant | : | FEBRUARY 4, 2015 |

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

The defendant, Yale University ("Yale"), hereby submits this reply memorandum in further support of its motion for protective order. On January 14, 2015, the plaintiff submitted her brief in opposition to the defendant's motion for protective order. (*See* Docket No. 42.) The plaintiff's opposition brief fails to demonstrate that the proposed deponents[1] will be able to offer testimony that is relevant to her retaliation and discrimination claims in this case. As such, the defendant's motion for protective order should be granted. See Fed. R. Civ. P. 26(b).

### I.    The Plaintiff Fails To Demonstrate That The Proposed Depositions Will Lead To Information Relevant To Her Claims In This Lawsuit.

The plaintiff's opposition is factually unsupported and based on faulty reasoning. The plaintiff reasons that she had been responsible for ensuring Yale's Clery Act compliance, that the Department of Education determined that Yale was in violation of the Clery Act due to the

---

[1] The proposed deponents are: Robert J. Alpern, Beth Baran, Melanie Boyd, Jill Cutler, Michael Della Rocca, Shelley Kagan, Shauna King, Richard Levin, Janet Lindner, Kathleen A. Martin, Thomas Pogge, Anna Ramírez, Peter Salovey and Kathryn Tanner.

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168  •  FAX: (203) 458-4424
JURIS NO. 415438

underreporting of sexual assaults for the year 2002, and she became an "inconvenience" to Yale as a result. The plaintiff's reasoning continues that the proposed deponents therefore possess information relevant to this case. (*See* Plaintiff's Opposition, pp. 4-5.) The plaintiff's reasoning is based on the faulty premise that her job responsibilities included ensuring Yale's compliance with the Clery Act. The plaintiff was hired as a Coordinator III, Security Education Coordinator. (*See* Amended Complaint, ¶ 11.) Her job description, attached hereto as Exhibit A, makes no reference to the Clery Act or any Department of Education rules or guidelines. Rather, the purpose of her position was to "[p]rovide presentations to students, faculty, and staff, and others upon request, concerning security services available on the campus, crime prevention measures and general information concerning police and security." (*See* Exhibit A.)[2]

Even if it is assumed that the plaintiff was responsible for Clery Act compliance -- and she was not -- she fails to describe how the proposed deponents possess any information regarding retaliation she suffered as a result of her alleged efforts to fulfill this responsibility. In fact, the proposed deponents had no involvement with the plaintiff's employment whatsoever. In her opposition brief, the plaintiff states:

> The defendant has denied the allegations of the plaintiff's complaint and has asserted legitimate nondiscriminatory business reasons for the adverse employment actions at issue in this case. If the plaintiff can prove that the defendant's stated reasons are false,

---

[2] While the plaintiff's opposition brief purportedly quotes from her job description, (*see* Opposition Brief, p. 4), there is no citation to an exhibit or any other document or source.

> she will be well on her way to proving the ultimate merits of her
> case ...

(*See* Plaintiff's Opposition Brief, p. 2.)   While the plaintiff accurately describes the burden shifting analysis employed in discrimination lawsuits, she fails to describe how the proposed deponents will aid in her demonstration that Yale's stated reason for her termination was false. As described in Yale's initial brief, the proposed deponents have no knowledge of plaintiff's alleged complaints of non-compliance with Title IX, they have no knowledge of whether the defendant took any action in response to such alleged complaints, they have no knowledge of the plaintiff's applications for internal positions at Yale, and they have no knowledge of the defendant's motivation for hiring candidates other than the plaintiff to fill those positions. Tellingly, the plaintiff does not state otherwise.   The plaintiff has therefore failed to demonstrate why this Court should permit the burdensome and time-consuming discovery that she has proposed. *See Vertrue Inc. v. Meshkin*, 2006 U.S. Dist. LEXIS 37700, *8 (D. Conn. June 8, 2006).[3]

---

[3] It is also telling that the plaintiff's opposition brief fails to counter the defendant's argument, and the law cited in support of the argument, that discovery is appropriately limited to the plaintiff's department and the department that denied the plaintiff's job applications. *See Earley v. Champion International Corp.*, 907 F.2d 1077, 1084-85 (11th Cir. 1990); *Avillan v. Digital Equipment Corp.*, No. 91 Civ. 8594, 1994 WL 198771 (S.D.N.Y. May 17, 1994); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996). *See also Cronas v. Willis Group Holdings, Ltd.*, 2008 U.S. Dist. LEXIS 81083 (S.D.N.Y. Oct. 8, 2008) (invoking Fed. R. Civ. P. 26(b)(2)(C) and denying discovery of centralized employment policies and practices because "[e]vidence of discriminatory acts taken by different supervisors in different offices against different employees would not tend to prove that plaintiffs had suffered discrimination"); *Sundaram v. Brookhaven Nat. Lab.*, 1996 U.S. Dist. LEXIS 22811, 1996 WL 563829, at *2 (E.D.N.Y. Mar. 11, 1996) (denying demand for discovery concerning employees outside of plaintiff's "work unit"); *Raines v. North Shore Long Island Jewish Health Sys.*, 2011 U.S. Dist. LEXIS 60321, 4 (E.D.N.Y. June 6, 2011) (limiting discovery request "to employees who worked in the same employment department, held similar rank and position, had the same supervisors and performed the similar job functions" as the plaintiff).

II.    **The Plaintiff Also Fails To Demonstrate That The High Ranking Officials She Seeks To Depose Possess Information Necessary To The Prosecution Of Her Case And Which Cannot Be Obtained From Lower Level Employees.**

The defendant has also sought to prevent the plaintiff from deposing Yale University President Peter Salovey; Former President Richard Levin; Robert Alpern, Dean of Yale Medical School; Janet Lindner, Deputy Vice President for Human Resources and Administration at Yale University; and Shauna King, Vice President for Finance and Business Operations at Yale University, on the ground that they are high ranking officials who do not have unique knowledge of issues pertinent to this case.   In response, the plaintiff argues that the defendant has failed to offer any evidence in support of its contention that these individuals should not be deposed.  The burden, however, is on the plaintiff to demonstrate that these individuals "posses[] any information that could not be obtained from lower level employees or other sources, much less that they possess unique factual information and institutional knowledge necessary to the prosecution of this case."   Rodriguez v. SLM Corp., No. 3:07CV1866(WWE), 2010 U.S. Dist. LEXIS 29344, *6-7, (D. Conn. Mar. 26, 2010) (Fitzsimmons, J.)  (internal quotation marks omitted).  The plaintiff has failed to satisfy this burden.

The plaintiff has done nothing to satisfy her burden regarding Dr. Alpern, Ms. Lindner, and Ms. King.   Her opposition brief is devoid of any explanation as to unique relevant information possessed by these individuals.  As to President Salovey, the plaintiff references the testimony of Heidi Lockwood that she was asked to sign a non-disclosure agreement in an alleged attempt to cover up sexual misconduct in a case that is unrelated to the present case.  The plaintiff

does not claim any involvement in this incident, nor does she claim that she complained about this incident and was retaliated against as a result. As such, any information that President Salovey might be able to offer regarding this alleged incident is not "necessary to the prosecution of this case." *Id*. at *7.

As to President Levin, the plaintiff references Exhibit C attached to her brief, which consists of a four letters to him from the Department of Education. All four of these letters post-date the elimination of the plaintiff's Coordinator III position and have absolutely nothing to do with the plaintiff or her layoff. Therefore, these letters do not demonstrate that President Levin possesses information necessary to the prosecution of this case. Furthermore, even if it is assumed that the review conducted by the Department of Education, as referenced in the attached letter, had anything to do with the plaintiff's claims, the plaintiff has failed to show that the information she seeks (whatever that may be) cannot be obtained from a lower level employee or some other source. *Id*. at *7.

## CONCLUSION

For the reasons stated herein, as well as those reasons advanced in the defendant's initial brief, the defendant's motion for protective order should be granted and plaintiff should be prohibited from deposing the following individuals: Robert J. Alpern, Beth Baran, Melanie Boyd, Jill Cutler, Michael Della Rocca, Shelley Kagan, Shauna King, Richard Levin, Janet Lindner, Kathleen A. Martin, Thomas Pogge, Anna Ramirez, Peter Salovey and Kathryn Tanner.

THE DEFENDANT
YALE UNIVERSITY


BY:    /s/ Patrick M. Noonan  (#ct00189)
       Patrick M. Noonan
       Donahue, Durham & Noonan, P.C.
       741 Boston Post Road
       Guilford, CT 06437
       (203) 458-9168

<u>**CERTIFICATION**</u>

I hereby certify that, on the above-written date, a copy of the foregoing Reply Memorandum in Support of Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____

Patrick M. Noonan

# EXHIBIT A

**CCPM58621**       Coordinator III                          Campus Police

General purpose:
Provide presentations to students, faculty, and staff, and others upon request, concerning security services available on the campus, crime prevention measures and general information concerning police and security.

Essential duties:
1. Monitor statistical information available from the Yale Police Department and the New Haven Police Department in order to provide updates to University officials as well as other interested groups.
2. Serve as a liaison to student groups throughout the campus on a variety of police and security matters.
3. Develop pamphlets, brochures and booklets promoting security awareness.
4. Oversee a program of security and police services advertisements in a variety of campus and other publications.
5. Identify appropriate police personnel and security personnel to respond to needs that may arise through presentations and other inquiries.
6. Produce an annual report highlighting security awareness activities throughout the campus, summarizing statistical information regarding crime, and offering recommendations to address problem areas.
7. Provide other special services as may arise through interaction with the Yale Police Department, the Department of University Security Programs, and the Associate Secretary.

Experience and training:
1. Bachelor's degree plus two years related experience or equivalent combination of education and experience.
2. Experience in developing and presenting complex material to a variety of groups.
PREFERRED:  Master's degree.

Skills and abilities:
1. Excellent communication skills, both written and oral.
2. Willingness to participate in crime prevention seminars and receive other training appropriate to interaction with police and security.