UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BURHANS | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV1462(WWE) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY: | | |
| | : | |
| Defendant | : | APRIL 1, 2015 |

**DEFENDANTS' OBJECTION TO MOTION FOR RECONSIDERATION**

The defendant, Yale University ("Yale"), hereby objects to the plaintiff's March 11, 2015 Motion for Reconsideration of the Magistrate's February 26, 2015 Ruling on Defendant's Motion for Protective Order.  As stated herein, the plaintiff's Motion should be denied because the plaintiff fails to demonstrate that there has been an intervening change in the law or that there is new evidence that was not previously available to the plaintiff.  The plaintiff additionally fails to demonstrate any error in the Court's February 26, 2015 Ruling.

**I.    FACTUAL BACKGROUND**

The plaintiff was hired as security educator for Yale in 1999.  In this position, she was responsible for providing security education to members of the Yale community.  The plaintiff was not responsible for ensuring Yale's compliance with the Title IX Education Amendments

Act of 1972, 20 U.S.C. §§ 1681 *et seq*. ("Title IX"); the Clery Act, 20 U.S.C. § 1092(f)[1]; or any other statutes or regulations.  Plaintiff was placed on layoff status in 2010 due to the elimination of her position.  This occurred during the recession when a large number of Yale Security Department employees were laid off.  Plaintiff was subsequently re-hired for a one year position as a Manager 3 in the School of Medicine.  That position was then renewed for another year, and the plaintiff's employment with Yale ended on November 30, 2012 when the Manager 3 position expired.

In Count One of the Amended Complaint, the plaintiff asserts that the present lawsuit is an "action alleging unlawful retaliation in violation of [Title IX]."  (See Amended Complaint, ¶ 1.)  It is the plaintiff's claim that she was retaliated against "for her good faith reporting and complaining about Yale's noncompliance with Title IX."  (See Amended Complaint, ¶ 94; see also Amended Complaint, ¶¶ 3, 4, 12 and 17.)  However, the only specifically identified instance of alleged non-compliance about which the plaintiff complained was the underreporting of sexual assaults in 2003.  (See Amended Complaint, ¶ 22.)  In her deposition, the plaintiff simply states that she told her superior, Martha Highsmith, in the summer of 2003 when they were discussing the calculation of sexual assaults which had occurred on campus, that the number being suggested didn't "look right" to her and was "too low." (See Docket No. 38, Exhibit B, Plaintiff's Deposition Transcript, 2nd Session, p. 43.)  According to the plaintiff, Ms. Highsmith then responded: "We only have to report those that go to the police on sexual assault." (See Docket No. 38, Exhibit B, p. 44.)  The plaintiff

---

[1] The Clery Act requires all colleges and universities that participate in federal financial aid programs to keep and

2


admits that she did not take any further steps in support of her disagreement with the contention that the Clery Act did not require the reporting of certain events, either because they were not made to a law enforcement agency or because the events did not actually occur on the Yale campus.  The plaintiff also claims that she proposed to her superior, Martha Highsmith, various ideas regarding programs and procedures to prevent and address sexual misconduct, and that these ideas were rejected by Ms. Highsmith.  (See Amended Complaint, ¶¶ 18 - 21, 23- 29.)  Nonetheless, the plaintiff claims that Yale repeatedly retaliated against her as a result of her "complaints" by, *inter alia*, taking away decision-making authority, denying her fair pay, rejecting applications for promotions, and ultimately terminating her employment effective November 2012.  (See Amended Complaint, Count One, ¶ 14.)   The plaintiff admitted in her deposition that she did not suggest to anyone at Yale that Martha Highsmith – or anyone else for that matter – was violating the Clery Act or Title IX.  (See Exhibit B, pp. 67, 170-183, 189-90.).

In Count Two of the Amended Complaint, the plaintiff alleges a claim of disparate treatment, on the basis of sex, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq* ("CFEPA").  (See Amended Complaint, Count Two, ¶ 1.) The plaintiff alleges that she applied for various positions within the university, she was not hired to fill any of those positions, and male applicants were instead hired.  The plaintiff alleges that "the defendant has been consistently discriminating against the plaintiff in jobs and

---

disclose information about crime on and near their respective campuses.

benefits because of her sex, in violation of the Connecticut Fair Employment Practices Act." (Amended Complaint, Count Two, ¶ 19.)

The plaintiff initially sought to depose fourteen individuals who had no involvement with her employment. On December 23, 2014, the defendant moved for a protective order to preclude the plaintiff from deposing these fourteen individuals on the ground that they do not possess information relevant to the claims and defenses in this matter. (See Docket No. 38.) On February 26, 2015, Judge Margolis issued a Ruling granting in part, and denying in part, the defendant's Motion for Protective Order. Pursuant to Magistrate Margolis' February 26, 2015 Ruling, the plaintiff is precluded from proceeding with the depositions eleven of the fourteen proposed deponents: Robert J. Alpern, Beth Baran, Shelley Kagan, Shauna King, Richard Levin, Janet Lindner, Kathleen A. Martin, Thomas Pogge, Anna Ramirez, Peter Salovey and Kathryn Tanner. The plaintiff now seeks a reconsideration of that decision.

## II.   LEGAL STANDARD

A motion for reconsideration under Local Rule of Civil Procedure 7(c) is treated as a motion to amend judgment under Fed.R.Civ.P. 59(e) and therefore must "adhere to stringent standards." (Internal quotation marks omitted.) Ryan v. Sullivan, Hill, Lewin, Rez, Engel and LaBazzo, 2005 WL 367836, *1 (D.Conn. 2005, Squatrito, J.) "The movant must show that the court overlooked matters or controlling decisions which might reasonably have altered the court's result. . . . Specifically, Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent

4

manifest injustice." (Citations omitted; internal quotation marks omitted.) Id. "The standard for granting a motion for reconsideration is strict." Nationwide Mutual Insurance Co. v. Bland, No. 3:99CV2005, 2006 WL 860138, *1 (D.Conn. March 31, 2006) (Chatigny, J.), citing Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." (Internal quotation marks omitted.) Lopez v. Smiley, 375 F.Supp.2d 19, 21-22 (D.Conn. 2005). "Likewise, a motion for reconsideration is not an opportunity to relitigate issues already decided. . . . The court should grant a motion for reconsideration only if the moving party point[s] to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (Citation omitted; internal quotation marks omitted.) Bland, supra, 2006 WL 860138, at *1.

**III.   ARGUMENT**

As an initial matter, the plaintiffs' motion for reconsideration should be denied because it is nothing more than an attempt to relitigate an issue already decided by this court. The plaintiffs have not cited any new developments in the law, newly discovered evidence, or clear error of law that would warrant this Court's reconsideration of its previous decision. Indeed, the plaintiff's Motion for Reconsideration does not contain a single legal or factual argument which could not have been made prior to the Magistrate's February 26, 2015 Ruling. The plaintiff's Motion simply rehashes alleged events and her own alleged conduct while still employed at Yale, all of which occurred prior to the time she filed her Objection to the

defendant's Motion for Protective Order and which could have been included in that Objection.  The only case law cited by plaintiff is Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005), a decision that was released approximately ten years prior to the time the plaintiff filed her Objection to Motion for Protective Order.  Therefore, a discussion of this decision also could have been included in her Objection.  The arguments advanced by the plaintiff amount to nothing more than disagreement with this Court's decision, which is not a basis for reconsideration.  The plaintiffs are not entitled to a second bite of the apple.  The plaintiff's Motion for Reconsideration should be denied for this reason alone.

Even if this Court reaches the merits of the plaintiffs' arguments, her Motion for Reconsideration should nonetheless be denied.  The Court's February 26, 2015 Ruling holds that "there are insufficient grounds for plaintiff to depose the six staff members from Yale Medical School and its Pharmacology Department, Yale Divinity School, and the Philosophy Department, as none of these departments are involved in the issues raised by plaintiff in her Amended Complaint, specifically Dr. Alpern, Professor Kagan, Dr. Martin, Professor Pogee, Dean Ramirez, and Professor Tanner.  The same holds true for Attorney Baran." (See Docket No. 52, p. 5.)  The plaintiff's Motion for Reconsideration does nothing to contradict this determination.  Indeed, of this group, the only individual even mentioned in the plaintiff's Motion for Reconsideration is Dr. Alpern.  As to Dr. Alpern, the plaintiff merely claims that during her tenure at the Yale Medical School, Dr. Alpern allowed "known harassers to continue their illegal activities resulting in a hostile environment …" (Docket No. 53, p. 18.)

6

The plaintiff's complaint, however, contains no allegation that she was subjected to a hostile work environment at the Yale Medical School or that she was retaliated against as a result of complaints about a hostile environment at the Yale Medical School.  The plaintiff's contention that she was subjected to a hostile work environment at the Yale Medical School is nothing more than a transparent attempt to obtain the Court's permission to question Dr. Alpern about matters which have nothing to do with this lawsuit.  Therefore, the Court correctly determined that Dr. Alpern, as well as Professor Kagan, Dr. Martin, Professor Pogee, Dean Ramirez, Professor Tanner and Attorney Baran, had no involvement in the issues raised in the plaintiff's Amended Complaint, and should not be deposed.

With respect to the four high-level employees, President Salovey, Former President Levin, Vice President King, and Deputy Vice President Lindner, the Court held that there are "insufficient grounds for them to be deposed, as their involvement in plaintiff's matters appears to be fairly remote."  The plaintiff's Motion for Reconsideration also does nothing to contradict this determination by the Court. If anything, the plaintiff's Motion for Reconsideration merely reinforces the defendant's contention that the plaintiff is not interested in deposing these individuals in order to acquire information relevant to her claims, but instead seeks to use the discovery phase of this lawsuit to litigate every perceived claim of sexual misconduct at Yale of which she is aware.  As to former President Levin, plaintiff claims that she should be permitted to take his deposition as she reported the retaliation she allegedly suffered "to the appropriate offices that all report directly up through the president's office." (See Docket No. 53, p. 14.)  This does not establish that President Levin has unique

7

knowledge regarding the facts underlying this lawsuit. If anything, this establishes that the information that the plaintiff seeks is available through lower level employees. See Rodriguez v. SLM Corp., 2010 U.S. Dist. LEXIS 29344, *5, (D. Conn. Mar. 26, 2010) (Fitzsimmons, J.).

As to President Salovey, the plaintiff claims that she needs to explore "why the discrimination and retaliation continues in President Salovey's administration even after the federal investigations and the fines." (See Docket No. 53, p. 14.) The plaintiff seeks to question Vice President King about discrimination allegedly suffered, not by the plaintiff, but by Ann Murray-Randolph. (See Docket No. 53, pp. 19-20.) Finally, as to Deputy Vice President Lindner, the plaintiff claims that she "needs to inquire about Ms. Lindner's indifference to continuing concerns regarding Yale Police and Title IX non-compliance…" (See Docket No. 53, p. 21.) Far from demonstrating that these individuals possess unique knowledge pertinent to the issues in this case, the plaintiff completely fails to relate their knowledge and experience to the claims she has made in this lawsuit. Rodriguez, supra, 2010 U.S. Dist. LEXIS 29344, *5. The plaintiff motion makes it clear that she only seeks to question these individuals about other alleged instances of discrimination or retaliation. The fact that these individuals may have knowledge regarding other concerns or complaints about discrimination is not a sufficient ground on which to require their deposition in this case.

The Magistrate's February 26, 2015 Ruling prohibits the plaintiff from proceeding with the depositions of eleven proposed deponents on the ground that these individuals had no involvement in the issues raised by plaintiff in her Amended Complaint. In her Motion for Reconsideration, the plaintiff fails to demonstrate that there has been an intervening change in

the law or that there is new evidence that was not previously available. The plaintiff additionally fails to demonstrate any error in the Court's Ruling in that she fails to demonstrate any connection between the allegations contained in her Amended Complaint and the knowledge of the proposed deponents.

**IV.    CONCLUSION**

Therefore, for the reasons stated herein, the plaintiff's Motion for Reconsideration of the Magistrate's February 26, 2015 Ruling should be denied.

<pre>
                                THE DEFENDANT
                                YALE UNIVERSITY


                        BY:    /s/ Patrick M. Noonan  (#ct00189)
                                Patrick M. Noonan
                                Donahue, Durham & Noonan, P.C.
                                741 Boston Post Road
                                Guilford, CT 06437
                                (203) 458-9168
</pre>

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                  _____/s/_____
                                                            Patrick M. Noonan