UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN BURHANS | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV1462(WWE) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | APRIL 8, 2015 |

**DEFENDANT'S SUR-REPLY IN SUPPORT OF OBJECTION TO MAGISTRATE'S RULING ON MOTION FOR PROTECTIVE ORDER**

The defendant, Yale University ("Yale"), hereby submits the following sur-reply memorandum in further support of its objection to the Magistrate's February 26, 2015 Ruling on Defendant's Motion for Protective Order.

Attached to the plaintiff's March 26, 2015 reply to the defendant's objection (see Document 57), is a job description for the position of Coordinator, Security Awareness. The plaintiff claims that this is the job description for the position she held while employed at Yale and references that this job description mentions the Clery Act. As an initial matter, the defendant disputes that this is the job description for the position held by plaintiff while employed at Yale. The correct job description for the plaintiff's position of Coordinator III is attached as Exhibit A to the defendant's reply in support of motion for protective order. (See Document No. 47.) The Coordinator III job description makes no reference to the Clery Act and, indeed, the plaintiff had no responsibility for Clery Act compliance. However, regardless

of whether or not the plaintiff had any responsibility for ensuring compliance with the Clery Act, she has failed to describe how either Assistant Dean Melanie Boyd, Assistant Dean Jill Cutler, or Professor Michael Della Rocca played any role in her employment or that they will be able to offer any testimony that is reasonably calculated to lead to the discovery of admissible evidence.  Indeed, the plaintiff's reply memorandum does little more than reference an incorrect job description and cite boilerplate regarding the scope of discovery.

Additionally, in response to the defendant's request for an order prohibiting the plaintiff from questioning deponents about confidential matters relating to sexual misconduct complaints, the plaintiff argues that a protective order is sufficient.  Under the circumstances of this case, however, a protective order is not sufficient.  Information regarding specific instances of sexual conduct is highly sensitive in nature and is simply not relevant to this case.  As a result, there is simply no reason to impede -- even minimally -- upon the right to privacy of sexual assault victims.

## **CONCLUSION**

Therefore, for the reasons stated herein, as well as those reasons advanced in the defendant's opening brief, the defendant's objection to the Magistrate's February 26, 2015 Ruling should be sustained.

THE DEFENDANT
YALE UNIVERSITY


BY:   /s/ Patrick M. Noonan  (#ct00189)
    Patrick M. Noonan
    Donahue, Durham & Noonan, P.C.
    741 Boston Post Road
    Guilford, CT 06437
    (203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                     _____/s/_____
                                                                                                  Patrick M. Noonan