UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SUSAN BURHANS                           :
                                        :
    Plaintiff                           :          CIVIL ACTION NO.:
                                        :          3:12 CV1462
vs.                                     :
                                        :
YALE UNIVERSITY:                        :
                                        :
    Defendant                           :          FEBRUARY 18, 2016

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO PRECLUDE PLAINTIFF'S EXPERT WITNESSES

**I.    FACTUAL BACKGROUND**

This lawsuit concerns a claim by plaintiff Susan Burhans that, due to alleged unlawful retaliation, she was terminated from her position at Yale University. It is her contention that the alleged actions taken by the defendant violated the provisions of Title IX of the Education Amendment Act of 1972.

The plaintiff initiated this action by way of a Complaint, dated October 12, 2012. The parties submitted a Rule 26(f) Report on June 25, 2013, which was approved by the Court on June 27, 2013. Pursuant to that scheduling agreement, the plaintiff was required to disclose her expert witnesses by October 1, 2013 and all discovery was to be concluded by April 1, 2014. Over the past eighteen months, the discovery deadline was extended several times, without any explicit reference to the corresponding expert disclosure deadlines. However, given the initial Scheduling Order which contemplated that plaintiff's experts would be disclosed six months prior to the final discovery deadline, it always has been the defendant's position that the date

by which the plaintiff was required to disclose her experts would be six months prior to the final discovery deadline.

On January 25, 2016, the plaintiff disclosed a vocational expert (Albert Sabella) and an economist (Dr. Robert Rosenthal) as expert witnesses.[1] In a footnote, the plaintiff indicated that she "anticipate[d] designating additional experts on the subjects of Post-Traumatic Stress Disorder (Philip J. Kinsler, Ph.D. or Anne C. Pratt, Ph.D.) and Institutional Retaliation (Michelle Paiudi, Ph.D.)." Thereafter, on January 28, 2016, the plaintiff disclosed Dr. Kinsler, who purportedly will testify that the plaintiff developed Post-Traumatic Stress Disorder ("PTSD") as a result of alleged unlawful treatment by the defendant.[2] However, contrary to the provisions of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, the plaintiff did not provide a written report from Dr. Kinsler nor any information regarding the facts and data he relied upon in reaching his opinions.

On February 1, 2016, with the consent of the defendant, the plaintiff filed a Joint Motion for Extension of Time to complete expert discovery. In the motion, the plaintiff represented that her prior PTSD expert had withdrawn as an expert, resulting in the plaintiff retaining Dr. Kinsler, who allegedly needed additional time to draft his Rule 26(a)(2)(B) report. In addition, the motion states that the plaintiff also intends to disclose an unnamed fourth expert who purportedly will testify regarding the effect that alleged institutional retaliation had on the plaintiff. The stated reason for the delay in disclosing the institutional

---

[1] A copy of the January 25, 2016 expert disclosure is attached hereto as Exhibit A.

[2] A copy of the January 28, 2016 expert disclosure is attached hereto as Exhibit B.

2

retaliation expert was that the expert was the caregiver of a family member who had to be hospitalized. The plaintiff contends that she will be prejudiced if these proposed experts are excluded and, therefore, requested that the Court move the trial date from April 1, 2016 to September 1, 2016. The defendant's acquiescence in the motion to extend the discovery deadline was premised on the proviso that the trial would be postponed so that defendant would have time to review the disclosure, obtain its own experts, conduct an independent medical exam, disclose its own experts and make the defense experts available for deposition.

Also on February 1, 2016, the plaintiff filed a virtually identical Joint Motion for Extension of Time, again requesting that the trial date be moved to September 1, 2016 so that the plaintiff would have time to properly disclose her PTSD and institutional retaliation experts and, thereafter, allow the defendant sufficient time to depose plaintiff's experts as well as retain rebuttal experts.

On February 9, 2016, the Court denied both Motions for Extension of Time on the grounds that, given the age of the case, the plaintiff had not shown good cause for an additional six month discovery extension. However, the Court did grant the plaintiff a one-month extension until April 1, 2016 to complete discovery and moved jury selection back one month, until May 2, 2016.

## II.   THE CURRENT SCHEDULING DEADLINE PREJUDICES THE DEFENDANT'S RIGHT TO DEFEND ITSELF.

Based on the initial Scheduling Order, the plaintiff was required to disclose all expert witnesses six months prior to the final discovery deadline. Since the current discovery deadline is April 1, 2016, this means the plaintiff should have disclosed all experts by October 1, 2015.

3

The purpose of requiring the expert disclosure six months prior to the discovery deadline was to afford the defendant an opportunity to conduct discovery as to the basis of plaintiff's experts' opinions and, thereafter, retain its rebuttal experts. As a practical matter, this cannot be done, given the current Scheduling Order, since: (1) there are only approximately six weeks remaining in which to complete discovery; (2) the plaintiff has not disclosed the basis of the opinions of her PTSD expert; (3) the plaintiff has not disclosed the identity, opinions nor the basis of the opinions of her institutional retaliation expert; and (4) the trial schedule of defendant's counsel will prevent him from conducting the necessary expert discovery prior to April 1, 2016.[3]

As an accommodation to the plaintiff and her counsel, the defendant did not oppose plaintiff's request for additional time to disclose her experts. However, this consent was contingent on the plaintiff obtaining a continuance of the trial to September 1, 2016. The case had to be moved back at least to September because expert witness discovery is very time-consuming. Specifically, the defendant will have to obtain mutually agreeable dates on which to take depositions of plaintiff's experts. Thereafter, it will have to identify and retain four experts in the same field as plaintiff's experts to review the relevant background documents, including transcripts of plaintiff's experts' deposition testimony. One of the experts the defendant will have to retain will be a psychologist, who will have to schedule and perform an

---

[3] Defense counsel has been on trial for the last month in Boston on a medical malpractice case, (Dimanche v. Yale New Haven Hospital), Civil Action NO: 10-02143-F, Commonwealth of Massachusetts, Superior Court, Suffolk. The verdict was rendered late yesterday afternoon, February 17. He is scheduled to start an estimated ten-day trial in New Haven Superior Court on March 22, 2016 (Lucibello v. Yale New Haven Hospital), Docket No. NNH-CV-13-6043370-S. On May 27, 2016, he is scheduled to start an estimated twelve-day trial in New Haven Superior Court, (Caruso v. Yale University), Docket No. NNH CV 11 6016554 S. Settlement is highly unlikely in both cases.

4

Independent Medical Exam and, thereafter, draft a comprehensive report setting forth his/her findings and conclusions. Defendant's other three experts similarly will have to draft reports summarizing their opinions. Once defendant's experts are disclosed, in all likelihood, plaintiff's counsel will seek to depose each expert. This discovery will likely take six months, which is why the six month time period was contemplated in the original discovery schedule.

This case was commenced on October 12, 2012. Yet, the plaintiff did not disclose any expert witnesses until January 25, 2016, or approximately thirty-nine months after commencement of the litigation. In contrast, the defendants currently will only have approximately sixty days in which to conduct discovery to determine the basis of plaintiff's experts' opinions and thereafter retain its own experts. This gross disparity in time to disclose experts is inherently unfair and highly prejudicial to the defendant.

### III.   LEGAL STANDARD

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure require a party to disclose the identity of any witness it may use at trial as an expert witness. The disclosure must be accompanied by a written report, prepared and signed by the witness, if the witness is one retained or specially employed to provide expert testimony in the case. The report must contain (1) a complete statement of all opinions the witness will express and the basis and reasons for those opinions (2) the facts and data considered in forming the opinions; (3) any exhibits that will be used to summarize or support the opinions; (4) the witness' qualifications, including a list of all publications authored in the previous ten years; (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by

deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. Pro. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1).

"Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness.' Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure. The burden to prove substantial justification or harmlessness rests with the dilatory party." AMEX v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002). In determining whether to preclude expert witnesses under Rule 37(c)(1), the court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." (Internal quotations omitted.) Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006).

### IV.  ARGUMENT

In addition to the failure to timely file her expert reports, plaintiff's expert reports fail to comply with the requirements of Rule 26. Although the plaintiff has identified Dr. Kinsler as her expert on PTSD, she has not disclosed his opinions or any information supporting his

6

opinions. The plaintiff also intends to call an expert to testify as to alleged institutional retaliation. However, there has been no disclosure as to the identity of the witness, the witness' opinions or any information supporting the opinions. With six weeks to the close of discovery, the defendant has no information regarding the expected testimony of two critical expert witnesses.

In Robinson v. Suffolk County Police Dep't, 2011 U.S. Dist. LEXIS 119356 (E.D.N.Y. October 17, 2011), *aff'd*, 544 Fed.Appx. 29 (2d Cir. 2013), the court precluded the *pro se* plaintiff from offering expert testimony at trial because his expert disclosure failed to comply with Rule 26 of the Federal Rules of Civil Procedure. The plaintiff served defense counsel with an expert report, consisting of a one page letter, of his treating physician by the deadline of April 26, 2011. The defendant argued, and the court agreed, that the expert report did not meet the requirements of Rule 26. After providing the plaintiff with a copy of Rule 26(a)(2)(B) and identifying the information required to be included in the expert report, the court extended the deadline to August 5, 2011. The plaintiff provided a second one page letter to defense counsel. The defendants again objected on the ground that the report did not satisfy the requirements of Rule 26 and was completely speculative. The plaintiff then provided a third letter from his treating physician, along with his curriculum vitae and a letter stating his deposition fee. The defendants objected on the ground that the newly disclosed documents did not cure the deficiencies of the original expert disclosure. Id. at *1-4.

The court explained that it may strike expert reports which were incomplete and insufficiently detailed to satisfy Rule 26(a)(2). Although the third expert report satisfied some

of the Rule 26 requirements when considered in conjunction with the other submissions, other Rule 26 requirements were either missing or inadequately addressed. For example, the report failed to identify or attach any exhibits which would be used by the expert witness to support his opinions. While the report contained the expert witness' ultimate opinion, the report did not explain the basis and reasoning behind the opinion and inadequately explained the plaintiff's injury and the cause of that injury. Given these deficiencies, the court determined that the report failed to satisfy the requirements of Rule 26(a)(2)(B) and should be excluded. Id. at *5-7. Therefore, the court precluded the plaintiff from introducing his treating physician as an expert witness and precluded the expert report. Id. at *16.

The present plaintiff's disclosure of Dr. Kinsler fails to satisfy the first three requirements of Rule 26(a)(2)(B), in that it does not provide (1) a statement of all opinions Dr. Kinsler will express and the basis and reasons for them; (2) the facts or data considered by Dr. Kinsler in forming the opinions; or (3) the exhibits that will be used to summarize or support Dr. Kinsler's opinions.[4] Instead, the plaintiff represents that this information is contained in Dr. Kinsler's "forthcoming report." The plaintiff has not indicated when the defendant can expect to receive this report. As to the disclosure of the proposed expert witness on institutional retaliation, the plaintiff has provided none of the information required by Rule 26(a)(2)(B).

As an explanation for her failure to comply with Rule 26(a)(2)(B), the plaintiff states that she has suffered "some setbacks." The purported setbacks are that the expert who was expected to

---

[4] The plaintiff provided a copy of Dr. Kinsler's curriculum vitae, a list of cases in which Dr. Kinsler has testified, and a statement regarding his compensation. While this information provides some background information on Dr. Kinsler, it does identify Dr. Kinsler's opinions in this case.

testify as to the plaintiff's PTSD withdrew from the case, the new expert on PTSD requires additional time to draft a report, and the sister of the expert expected to testify on institutional retaliation became ill and had to be hospitalized. Although the plaintiff claims that she will be prejudiced if she is unable to offer expert testimony on PTSD and institutional retaliation, she does not provide any support for that assertion or specify the importance of the expected testimony.

In contrast, the defendant is greatly prejudiced by the plaintiff's failure to properly disclose her expert witnesses. Under the initial scheduling agreement, the parties contemplated that the plaintiff's experts would be disclosed six months prior to the discovery deadline and deposed three months before the deadline. Thereafter, the defendant would then have one month to disclose its expert witnesses. The defendant is now faced with a situation where it has only limited time to depose Mr. Sabella and Dr. Rosenthal, let alone time to retain rebuttal experts. Further, it has no information as to Dr. Kinsler's opinions and does not even know the identity of the plaintiff's institutional retaliation expert.

In Croom v. W. Conn. State Univ., 2002 U.S. Dist. LEXIS 27371 (D.Conn. April 3, 2002), Judge Dorsey granted the defendant's motion to preclude the plaintiff from offering expert testimony because the plaintiff did not provide an expert report with his designation of expert witnesses. In Croom, the plaintiff alleged that he was subjected to a pattern of racial discrimination while employed by the defendant, causing him to resign from his position. Id. at *1-2. The defendant argued that the plaintiff's failure to provide an expert report required preclusion of expert testimony at trial. Id. at *6. The plaintiff served a designation of expert

witnesses on the defendant on January 2, 2002 and a revised designation of expert witnesses on January 3, 2002. However, no expert report was ever provided. Since the plaintiff failed to disclose the substance of the testimony the expert was going to provide, Judge Dorsey precluded the plaintiff from calling the witness at trial. Id. at *7-8. See also, Ziegenfus v. John Veriha Trucking, 2012 U.S. Dist. LEXIS 46187 (S.D.N.Y. March 28, 2012) (precluding plaintiff from relying on affidavits of witnesses who were never disclosed as expert witnesses in opposing defendant's motion for summary judgment).

The need for the disclosure of an expert report is critical since it will inform the defendant what plaintiff's experts' opinions are and the factual basis of the opinions. The lack of a report is a sufficient reason for excluding an expert witness.

Rule 37(c)(1) requires preclusion of an expert witness who has not been identified as required by Rule 26(a) unless the failure was substantially justified or is harmless. "Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." AMEX v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002). There is no question that the present plaintiff was required to disclose her expert witnesses in accordance with Rule 26(a)(2)(B). As explained above, her failure to do so is not harmless because the defendant is greatly prejudiced.

## V.    CONCLUSION

The plaintiff has failed to disclose her expert witnesses pursuant to the court approved Scheduling Order and also has failed to comply with the disclosure provisions of Rule 26(a)(2)(B). Accordingly, the plaintiff should be precluded from introducing any expert testimony at the trial of this matter.

                              THE DEFENDANT
                              YALE UNIVERSITY

BY:    /s/ Patrick M. Noonan  (#ct00189)
        Patrick M. Noonan
        Timothy W. Donahue (#ct04339)
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing Memorandum of Law in Support of Motion to Preclude Plaintiff's Expert Witnesses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Timothy W. Donahue

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN BURHANS

VS

YALE UNIVERSITY

No.:   3:12 cv 1462 (WWE)

January 25, 2016

Plaintiff Susan Burhans, by her attorneys, hereby submits her expert disclosures pursuant to FRCP 26(a)(2)(B), as follows:

(i) The opinions of Plaintiff's experts along with the basis and reasons therefor are contained in the respective expert reports of the following expert witnesses: 1) Report of Albert J. Sabella (Vocational expert); 2) Report of Robert A. Rosenthal (Economic expert); 3) To be determined.[1]

(ii) The facts/data considered by the designated experts are contained in their respective reports.

(iii) Exhibits relied on by the designated experts are identified in their respective reports.

(iv) Each expert's qualifications, including publications authored, are included in their respective curriculum vitae, attached hereto.

(v) Lists of other cases in which each expert has testified during the previous four years are attached hereto.

---

[1] Plaintiff anticipates designating additional experts on the subjects of Post Traumatic Stress Disorder (Philip J. Kinsler, Ph.D. or Anne C. Pratt, Ph.D.) and Institutional Retaliation (Michelle Paludi, Ph.D.).



FEB 0 3 2016

(vi) Plaintiff's designated experts have been paid for their services as follows:

    (a) Albert J. Sabella: Nine hundred dollars ($900);

    (b) Robert A. Rosenthal: Four thousand eight hundred dollars ($4,800);

**PLEASE TAKE NOTICE** that, as further information becomes available, Plaintiff reserves the right to supplement these disclosures at any time up to and including the time of trial.

Dated: New York, New York
January 25, 2016

THE KAPLAN LAW OFFICE

By: _____
Susan R. Kaplan (SRK 1735)
30 Wall St. 8th Fl.
New York, New York 10005
Tel: (347) 683-2505
*Attorneys for Plaintiff*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SUSAN BURHANS | |
| | No.:   3:12 cv 1462 (WWE) |
| VS | January 28, 2016 |
| YALE UNIVERSITY | |

    Plaintiff Susan Burhans, by her attorneys, hereby submits her expert disclosures pursuant to FRCP 26(a)(2)(B), as follows:

    **(i)**  Plaintiff's expert with regard to her diagnosis of PTSD and its causes stemming from her employment at Yale is Philip J. Kinsler, Ph.D., ABPP, FAAFP, Clinical Associate Professor of Psychiatry, Dartmouth Medical School, Instructor in Psychiatry, Dartmouth-Hitchcock, Medical Center, Past President, International Society for the Study of Trauma and Dissociation.  His opinion along with the basis and reasons therefor will be contained in his forthcoming report.

    **(ii)**  The facts/data considered by the designated expert are contained in his forthcoming report.

    **(iii)**  Exhibits relied on by the designated expert will be identified in his forthcoming report, but such exhibits may include information in the attachment hereto.

    **(iv)**  Dr. Kinsler's qualifications, including publications authored, are included in their respective curriculum vitae, attached hereto.

    **(v)**  Lists of other cases in which each expert has testified during the previous four years are attached hereto.

**(vi)** Plaintiff has agreed to pay Dr. Kinsler $7,500.00 for his services described herein.

**PLEASE TAKE NOTICE** that, as further information becomes available, Plaintiff reserves the right to supplement these disclosures at any time up to and including the time of trial.

Dated: New York, New York  
January 28, 2016

THE KAPLAN LAW OFFICE

By: _____/s/_____  
Susan R. Kaplan (SRK 1735)  
30 Wall St. 8th Fl.  
New York, New York 10005  
Tel: (347) 683-2505  
*Attorneys for Plaintiff*